The judgment of the court was pronounced by
Preston, J.
David Butler was appointed curator of the vacant succession of Alexander McLean, in September, 1847, and proceeded to administer the estate.
On the 16th of February, 1849, the appellants in this case were duly recognized as the heirs of the deceased, by a judgment rendered in the succession.
On the 3d of May, 1849, the curator filed an account of his administration, which was published according to law. No oppositions were made, and as late *672 as the 16th of August, 1850, it was homologated by judgment of court. A cask balance of $510 59 was struck in favor of the curator, with interest from the filing of his account. He was authorized to pay all the debts of the estate, and to deliver to the recognized heirs the balance of the succession. Plis bond was reduced $4706 41; but he was ordered to proceed with the administration.
From this judgment the heirs have taken this appeal, and have sought its reversal on six grounds. Because, 1st, the curator had obtained an order for the sale of the property of the succession both real and personal. And, although his account shows that a sale of a portion of the real estate had been made, yet no proces verbal of the sale or sales had been returned into court, showing the amount of the proceeds of sale for which he was accountable. 2d. Because the account does not show whether the other real estate had been sold, although the curator had obtained an order for its sale. 3d. Because the account does not show whether the notes and accounts which had been in the curator’s possession for near three years, had been collected or not. 4th. Because the curator had charged commissions on the sum of $5224 62, which exceeds the appraised value of the succession. 5th. Because the judgment decrees the curator to be the creditor of the succession to the amount of $510, when it was evident he had not accounted for the property sold nor the debts collected. 6th. Because the judgment cancelled his bond.
These grounds were not filed by the heirs as oppositions to the account, and the attention of the district court was not specially called to them in homologating the account. In the decree of homologation the curator was not ordered to render an account to the heirs, and in rendering it the curator did not cite them to take cognizance of the account. And the judge, in homologating it, ordered the curator to proceed with the administration.
The judgment does not appear to be final between the heirs and curator of the estate, and we do not see, as at present advised, why they may not present and have all the matters of which they now complain investigated on the rendition of-the final account by the curator, and a petition to be discharged from his functions. Millaudon v. Cajus, 6 L. R. 225. Moreover, the counsel of the curator insists, that there is no evidence that he has been made a party to this appeal.
The counsel of the creditors of the succession makes the same objection, that no citation of appeal has been served upon them. Besides, the homologation of the account as to them, is conclusive, because it was properly advertised and not opposed. C. C. art. 1172.
We are of opinion, and decree, that the appeal be dismissed, at the appellant’s costs.